J. R. Swan, J.,
dissenting.
The opinion of the majority of the court has been written out since the decision of this case was announced. Not having seen the opinion as written out, I may not apprehend its scope.
I dissent, however, if it holds that when one commits a rape with so much brutality as to cause the death of his *196 victim, he may extenuate the murder and escape capital punishment, by showing that he intended only to gratify his lust; or that the killing was an unintentional incident resulting from the accomplishment of his main design.
, Killing another, in the perpetration of rape, arson, robbery, or burglary, is, I hold, murder in the first degree; and every evil intent and purpose in one engaged in the commission of these high crimes, is, in law, incontrovertibly implied. If, in such cases, the jury may inquire, and do find that there was no intent to kill, what is the offense if it be not murder in the first degree? Murder in the second degree requires a purpose to kill. Is it the mild offense of manslaughter?
In the case before us, the statutes relating to the administration of drugs to produce abortion, were proper to be considered. So, too, the facts necessary to- constitute a case of murder by the administration of poison at common law, would be necessary to make out a case under our statute.
Brinkerhoee, J., also dissented on substantially the same grounds.